**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**FLORENCE DIVISION**

| | |
|---|---|
| L & V Holdings, LLC,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Coffee Holdings 3, LLC,<br><br>　　　　　Defendant. | Civil Action No. 4:25-cv-730 JD<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

Plaintiffs L & V Holdings, LLC ("L & V"), complaining of Defendant Coffee Holdings 3, LLC (collectively, "Defendant"), respectfully show and allege unto this Honorable Court as follows:

### PARTIES AND JURISDICTION

1. L & V is a limited liability company organized and incorporated under the laws of the State of North Carolina. L & V's sole member is Calvin Vogel ("Mr. Vogel"), a citizen and resident of the State of North Carolina.

2. Defendant is a limited liability company organized and incorporated under the laws of the State of South Carolina.

3. Upon information and belief, no member of Defendant is a resident of the State of North Carolina.

4. This Court has jurisdiction over the parties and subject matter hereto in that the allegations involve Defendant's breach of contract relative to the purchase and sale of a drive-through coffeehouse franchise location and there is diversity of citizenship in this matter where the amount in dispute exceeds seventy-five thousand dollars ($75,000).

5. Venue is proper as the acts complained of occurred in Horry County.

**FACTS**

6. On or about August 10, 2022, L & V entered into a franchise agreement with a drive-through coffeehouse franchisor, Scooter's Coffee, LLC ("Scooter's Coffee").

7. On or about December 2, 2022, L & V executed a purchase and sale agreement for certain property in Horry County, i.e. a 0.66 acre parcel of real property located at 1727 Church Street, Conway, South Carolina 29526 a bearing Horry County Tax Map Number ("TMS") 122-00-55-026 (the "Property").

8. In 2022, it was L & V's intent to operate a Scooter's Coffee franchise location on the Property.

9. However, L & V later decided to sell its interest in a Scooter's Coffee franchise location on the Property.

10. On or about February 14, 2024, L &V and Defendant executed a letter of intent for Defendant's purchase from L & V the territory and franchise rights for the Scooter's franchise location on the Property as well as the assignment of contractual interests to the underlying Property ("Letter of Intent"). The letter of intent is attached hereto as Exhibit 1.

11. Pursuant to the Letter of Intent, Defendant agreed for the purchase price for the aforementioned territory and franchise rights to be one hundred ninety-two thousand, two hundred and fifty-six dollars ($192,256.00) and for the aforementioned assignment of contractual interests to the underlying Property to be thirty thousand dollars ($30,000.00), for a total purchase price of two hundred twenty-two thousand, two hundred and fifty-six dollars ($222,256.00). (Exhibit 1, Letter of Intent.)

12. Following execution of the Letter of Intent, L & V and Defendant entered into a

contract, whether written, oral, or through performance, in accordance with the terms and conditions set forth in the Letter of Intent.

13. Pursuant to the aforementioned contract, on May 24, 2024, L & V and Defendant executed an assignment of purchase and sale agreement ("Assignment"). This Assignment is attached hereto as Exhibit 2.

14. Pursuant to the Assignment, L & V assigned all of its right, title, interest, and benefit in connection with the purchase and sale agreement of the Property to Defendant.

15. Despite L & V's compliance with all obligations under the contract, Defendant never paid in full for the aforementioned territory and franchise rights and for the aforementioned assignment of contractual interests to the underlying Property.

## FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

16. L & V incorporates the foregoing paragraphs as if fully and completed restated herein.

17. A contract was entered into by the parties for Defendant to purchase from L & V the territory and franchise rights for the Scooter's franchise location on the Property as well as the purchase of the assignment of contractual interests to the underlying Property in exchange for Defendant paying to L &V the total purchase price of two hundred twenty-two thousand, two hundred and fifty-six dollars ($222,256.00).

18. Defendant breached the contract with L & V by failing to pay L & V the total purchase price, with said outstanding balance being in excess of seventy-five thousand dollars ($75,000.00).

19. As a direct and proximate result of Defendant's breach of contract, L & V has suffered actual and consequential damages in an amount to be determined by a trier of fact, plus

interest.

**FOR A SECOND CAUSE OF ACTION**
**(Unjust Enrichment)**

20. L & V incorporates the foregoing paragraphs as if fully and completed restated herein.

21. L & V provided the territory and franchise rights for the Scooter's franchise location on the Property as well as assigned the purchase of the assignment of contractual interests to the underlying Property to Defendant.

22. L & V's aforementioned actions were of value and were not gratuitous.

23. Defendant realized and enjoyed, and continues to enjoy, the benefit of L & V's aforementioned actions.

24. Defendant retained and continues to retain the benefits conferred by L & V under circumstances and conditions that make it unjust and inequitable for it to retain said benefits without compensating L & V.

25. Based on Defendant having been unjustly enriched, L & V is entitled to adequate compensation for the value of benefit it conferred upon Defendant, plus interest thereon and the costs of this action.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiffs pray that this Court:

a. award Plaintiffs' actual and compensatory damages;

b. equitable and adequate compensation for Defendant's unjust enrichment;

c. award Plaintiffs the cost of this action including reasonable attorneys' fees; and/or

d. for such other and further relief as this Court deems just and proper.

Respectfully,

*s/ Rhett D. Ricard*
Rhett D. Ricard, Fed. Bar No. 13549
rricard@maynardnexsen.com
MAYNARD NEXSEN PC
205 King Street, Suite 400
Charleston, SC  29401

February 10, 2025
Charleston, South Carolina

Attorney for Plaintiff

5